IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| LAVONSON R. RHONE, #451267 | § | |
| | § | |
| V. | § | CIVIL ACTION NO. G-05-225 |
| | § | |
| DOUG DRETKE, DIRECTOR, | § | |
| TEXAS DEPARTMENT OF CRIMINAL | § | |
| JUSTICE-INSTITUTIONAL DIVISION | § | |

## REPORT AND RECOMMENDATION

Before the Court is the Application of LaVonson R. Rhone for the issuance of a Writ of Habeas Corpus. Petitioner challenges disciplinary case number 20050025982, in which he was punished with a loss of custody and time-earning class status, from S-3 to S-4. The specificity with which Petitioner has pleaded his claim makes it unnecessary, in this Court's opinion, to order the records of the challenged disciplinary proceeding from the State Attorney General.

An application for writ of habeas corpus is the proper vehicle in which to protest a disciplinary proceeding that results in the loss of good time credits, which could conceivably lengthen an inmate's duration of confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1972). In this case, however, Petitioner lost no good time, only a reduction in time-earning class status.

A claim for a reduction in time-earning class status fails to qualify for federal habeas relief. The subsequent possible loss of "the mere opportunity to earn good time credits" does not constitute a constitutionally cognizable liberty interest sufficient to "trigger the protection of the Due Process Clause." *Luken v. Scott*, 71 F.3d 192, 193 (1995), *cert. denied*, 517 U.S. 1196 (1996). The possibility that the reduction in Petitioner's time-earning class status would affect his ultimate release date from prison "is simply too attenuated to invoke the procedural guarantees of the Due Process

1

Clause." *Id.* (quoting *Sandin v. Conner*, 515 U.S. 472 (1995)). "These are penalties which do not represent the type of atypical, significant deprivation in which a state might create a liberty interest." *Madison v. Parker,* 104 F.3d 765, 767-68 (5th Cir. 1997). Petitioner's claims are not eligible for federal habeas relief and must be dismissed.

For the foregoing reasons, it is the **RECOMMENDATION** of this Court that Petitioner's Application for Writ of Habeas Corpus be denied and this case be dismissed with prejudice.

The Clerk shall send a copy of this Report and Recommendation to the Petitioner. The Petitioner shall have until **June 9, 2005,** in which to have written objections **physically on file** in the Office of the Clerk. The objections shall be mailed to the Clerk's Office, P.O. Drawer 2300, Galveston, Texas 77553. Any Objections filed shall be contained in a written document specifically entitled "Objections to the Report and Recommendation of the Magistrate Judge", which will then be forwarded to the District Judge for consideration. Failure to file written objections within the prescribed time shall bar an aggrieved party from attacking on appeal the proposed factual findings and legal conclusions accepted by the District Judge, except upon grounds of plain error.

**DONE** at Galveston, Texas, this ___23rd___ day of May, 2005.

John R. Froeschner
United States Magistrate Judge